IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN WRIGHT, #Y27977,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>SARAH STOVER and  )<br>WEXFORD HEALTH SOURCES, INC.,  )<br>)<br>Defendants.  ) | Case No. 21-cv-00479-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Brian Wright, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center ("WICC"), brings this action pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff claims that he was denied medical treatment for a serious knee injury he sustained at Lawrence Correctional Center on or around May 16, 2019.  (Doc. 1).  When he reported the injury to Nurse Stover, she misdiagnosed Plaintiff's patellar tendon tear as arthritis.  She issued him crutches and Tylenol and disregarded his ongoing complaints of pain.  When he transferred to WICC in July 2019, Plaintiff learned that he actually required urgent knee surgery in May 2019.  Because he did not receive it, Plaintiff required two surgeries and "cadaver parts" to restore function.  (*Id*.).  Plaintiff now seeks money damages from Nurse Stover and Wexford Health Sources, Inc. (Wexford).  (*Id*.).

The Complaint is subject to review under 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

1

At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Nurse Stover for denying or delaying Plaintiff adequate medical treatment for his patellar injury at Lawrence in 2019.
>
> **Count 2:** Eighth Amendment claim against Wexford for denying or delaying Plaintiff adequate medical treatment for his patellar injury at Lawrence in 2019.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Count 1

A prison medical staff member violates the Eighth Amendment when he or she responds with deliberate indifference to an objectively serious medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The decision to ignore a medical condition that is obviously in need of treatment supports a claim of deliberate indifference. *Dixon v. County of Cook*, 819 F.3d 343, 350 (7th Cir. 2016) (deliberate indifference claim stated against prison physician and nurse who knew of prisoner's chest tumor but offered only non-prescription pain medication and discharged him from the prison's hospital). The decision to delay surgery can also rise to the level of deliberate indifference, depending on the seriousness of the medical condition, the ease of providing treatment, and the pain resulting from the delay. *Burns v. Fenoglio*, 525 F. App'x 512 (7th Cir. 2013) (eight month delay in performing surgery to remove painful hip tumor supported

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

claim of deliberate indifference at summary judgment); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("Even a few days' delay in addressing severely painful but readily treatable condition suffices to state a claim of deliberate indifference").  The allegations support a deliberate indifference claim against Nurse Stover for disregarding or delaying diagnosis and treatment of Plaintiff's patellar injury. Count 1 shall receive further review against the nurse.

## Count 2

Wexford is a private corporation that employs medical staff to provide inmate medical care at prisons.  Presumably, Plaintiff named Wexford as a defendant for this reason, although he does not explain why.  The corporation cannot be liable on this basis alone.  *Respondeat superior* liability is not recognized under § 1983.  *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)).  Wexford is only subject to liability for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation.  Because Plaintiff identifies no policy or custom attributable to the private corporation, Count 2 against Wexford shall be dismissed without prejudice.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation.  *Id*.  Plaintiff discloses no efforts to find an attorney on his own.  He should attempt to find counsel by contacting at least three (3) attorneys or law firms and then providing the court with evidence of his efforts.  Plaintiff also discloses no

significant impediments to self-representation. He has received some college education and demonstrated his ability to prepare and file coherent pleadings to date. Although his request for counsel is denied at this time, he may renew this request by filing a new motion if he deems it necessary to do so as the case proceeds.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNT 1** is subject to further review against Defendant **SARAH STOVER**, and **COUNT 2** is **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCES, INC.**

**The Clerk of Court is DIRECTED to TERMINATE Wexford Health Sources, Inc. as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **SARAH STOVER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for

formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order</u>.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/2/2021**

                                                       s/J. Phil Gilbert  
                                                     **J. PHIL GILBERT**  
                                                     **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him/her with a copy of your complaint. After service has been achieved, the defendant will enter his/her appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.