IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN WRIGHT, #Y27977,** | ) |
| | ) |
|              **Plaintiff,** | ) |
| | ) |
| **vs.** | ) Case No. 21-cv-00479-JPG |
| | ) |
| **SARAH STOVER,** | ) |
| | ) |
|              **Defendant.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Brian Wright filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 13, 2021. In the Complaint, Wright claimed he was denied medical treatment for a serious knee injury during his incarceration at Lawrence Correctional Center. (Doc. 1). Plaintiff requested money damages from the defendants. (*Id*. at 13). The Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 10). Plaintiff was allowed to proceed with an Eighth Amendment claim (Count 1) against Nurse Sarah Stover for denying or delaying him adequate medical treatment for his knee injury at Lawrence. (*Id*.).

After Nurse Stover answered, the Court entered an Initial Scheduling and Discovery Order with instructions and deadlines for litigation. (Doc. 26). There, the Court set a deadline for the parties to make their initial disclosures. (*Id*. at 1-2). Pursuant to the Order, Plaintiff was required to make his disclosures on or before January 21, 2022. The Order warned Plaintiff that "**[f]ailure to follow this Order may result in sanctions, including dismissal of the case.**" (*Id*. at 1).

1

Plaintiff missed the deadline, and Nurse Stover filed a Motion to Compel Initial Disclosures on February 23, 2022.  (Doc. 33).  The Court entered the below Order to Show Cause two days later:

> SHOW CAUSE ORDER: Plaintiff is hereby ORDERED to SHOW CAUSE on or before March 7, 2022, why Defendant Stover's [33] Motion to Compel Production of Initial Disclosures should not be GRANTED, based on Plaintiff's failure to produce his initial disclosures by the deadline of January 21, 2022 set forth in the [26] Initial Scheduling Order. On or before this deadline, Plaintiff should file a written statement of the reasons why the motion should not be granted. Plaintiff is WARNED that failure to show cause by March 7, 2022, shall result in an order granting the motion and may also result in sanctions that include dismissal of this action. (See Doc. 26, p. 1) ("Failure to follow this Order may result in sanctions, including dismissal of the case.").

(Doc. 34).  On February 28, 2022, Plaintiff filed a Notice of Change of Address and informed the Court that he was no longer in the custody of the Illinois Department of Corrections.  (Doc. 35). He provided an updated address for his mail.  (*Id*.).  The same day, the Court forwarded Plaintiff another copy of the Order to Show Cause (Doc. 34) to Plaintiff at the new address he provided.

Plaintiff missed the deadline to respond to the Order to Show Cause.  On March 14, 2022, the Court granted Nurse Stover's Motion to Compel Initial Disclosures, as follows:

> ORDER GRANTING [33] Motion to Compel and [37] Motion to Stay Defendant's Deadline for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. Plaintiff is hereby ORDERED to produce the following initial disclosures to Defendant: (1) names of persons with knowledge of the incidents giving rise to the complaint and a short description of the subject of their knowledge; (2) a statement of the injuries Plaintiff has suffered and the relief he seeks; and (3) a signed release for medical records. (Doc. 36). Plaintiff's deadline for producing this information is MARCH 28, 2022. Defendant's new deadline for filing a motion for summary judgment on the issue of exhaustion of administrative remedies is EXTENDED to MAY 15, 2022.

(Doc. 38).  The Court then granted Plaintiff's request for an extension of time on March 18, 2022, thereby extending his initial disclosure deadline to April 8, 2022.  (Doc. 40).

2

When Plaintiff missed the extended deadline, Nurse Stover filed a Motion for Sanctions seeking dismissal of Plaintiff's claims with prejudice on April 13, 2022. (Doc. 41). The following day, the Court entered another Order to Show Cause:

> ORDER TO SHOW CAUSE: On or before April 28, 2022, Plaintiff is ORDERED to SHOW CAUSE why Defendant Sarah Stover's [41] Motion for Sanctions should not be granted, dismissing this entire action based on Plaintiff's repeated failure to produce initial disclosures to defendants. (See Docs. 26, 34, 38, and 40). Plaintiff is WARNED that failure to respond to this show cause order by the deadline shall result in dismissal of this action with prejudice for failure to comply with multiple court orders (id.) and for failure to prosecute his claims. See FED. R. CIV. P. 41.

(Doc. 42). Prior to the response deadline, Plaintiff filed a written "response." (Doc. 43). The response appeared to represent his initial disclosures, at least in part, so the Court directed Plaintiff to send them to Nurse Stover.

In addition, the Court ordered Plaintiff to file a separate reply to the Order to Show Cause by May 13, 2022. Plaintiff was instructed to explain why he should not be subject to sanctions, which may include dismissal of this action, for repeatedly failing to produce his initial disclosures to Nurse Stover. (Doc. 44). Plaintiff, once again, missed the deadline.

Nurse Stover did not. On May 10, 2022, she filed a response setting forth deficiencies in Plaintiff's "initial disclosures" (*see* Doc. 43) and renewed her request for dismissal of this action with prejudice as a sanction. (Doc. 45). Three days later, the defendant also filed for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 46). Along with the motion, Nurse Stover filed a Rule 56 notice advising Plaintiff of the consequences of failing to respond to the motion. Plaintiff never responded to the renewed request for sanctions or summary judgment motion. The response deadlines have expired, and Plaintiff has not communicated with the Court.

The Court will not allow this matter to linger any longer. The action shall be dismissed with prejudice, based on Plaintiff's repeated and consistent failure to respond to the Orders to

3

Show Cause (Docs. 34, 42, and 44).  *See* FED. R. CIV. P. 41(b).  He also failed to respond to the summary judgment motion (Doc. 46) and, by all indications, has abandoned his claims since being released from custody.  *See id.*

### Disposition

**IT IS ORDERED** that Defendant Stover's Motion for Sanctions (Doc. 41) is **GRANTED**, and this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with multiple Court Orders to Show Cause (Docs. 34, 42, and 44) and his failure to prosecute his claim(s) herein.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).  The pending Motion for Summary Judgment filed by Defendant Nurse Stover (Docs. 46) is **DISMISSED** as **MOOT**.  This dismissal does not count as a "strike." 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  6/24/2022**               s/J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **United States District Judge**